475 So.2d 944 (1985)
William David SPAIN, Appellant,
v.
STATE of Florida, Appellee.
No. 83-2160.
District Court of Appeal of Florida, Fourth District.
September 4, 1985.
Rehearing Denied October 16, 1985.
*945 Michael D. Gelety, Fort Lauderdale, and Rex Ryland, Jr., South Miami, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert L. Teitler, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant, William David Spain, timely appeals a judgment and sentence of imprisonment imposed under the Sentencing Guidelines, Rule 3.701, Fla.R.Crim.P. We affirm.
The appellant was tried by jury and convicted for the crime of conspiracy to commit armed robbery. We have carefully examined the record and find no reversible error with respect to the conviction for the substantive offense. Thus we turn to the facts which prompted the trial court to depart from the guideline range and impose an aggravated sentence of four years' incarceration.
Appellant and two other men traveled to Fort Lauderdale for the purpose of committing an armed robbery. Their efforts were frustrated by intervention of officers from the Fort Lauderdale Police Department. The appellant's two confederates were quickly apprehended, whereas the appellant escaped and was arrested much later. It was determined that the appellant had provided his two confederates with firearms, masks, and flexcuffs (plastic restraint devices). Appellant had received the flexcuffs pursuant to his employment as a police officer with the Miami Police Department.
The appellant elected to be sentenced under the Sentencing Guidelines, Rule 3.710, Fla.R.Crim.P. The trial judge chose to depart and go above the recommended non-state prison sentence for the following stated reasons:
1. William David Spain, at the time of the commission of the crime for which he stands convicted by jury, was a police officer with the City of Miami Police Department.
2. As a law enforcement officer, he was sworn to enforce and uphold the law.
3. A law enforcement officer is invested with the powers and duties of a very special position in which our citizens place their confidence and trust.
4. By engaging in criminal conduct, a police officer not only fails to abide *946 by the laws that he is sworn to uphold, but his actions erode, shame and soil all of law enforcement and the very badge that he is privileged to wear.
5. Finally, the criminal conduct in which this officer took part was outrageous. The Conspiracy to Commit Armed Robbery involved the use of masks, handcuffs, and three firearms which were supplied by the defendant in order to facilitate a home invasion and Armed Robbery for profit.
6. None of these factors are capable of being scored on Form 3.998(c) Fla.R. Crim.P. which is the Sentencing Guidelines Form for Category 3 (Robbery: Section 812.12). (R. 416-417).
Appellant claims that the trial court improperly considered his social status as a police officer. We disagree. The record discloses that the trial court departed from the sentencing guidelines because the appellant, by providing police-issued equipment to his cohorts, abused his position of public trust. This factor, as opposed to the appellant's social status, will justify a departure from the guideline range. See Gardener v. State, 462 So.2d 874 (Fla.2d DCA 1985). Thus, the trial court's decision in this case is not violative of the admonition set forth in Rule 3.701(b)(1), Fla.R. Crim.P., which provides as follows:
Sentencing should be neutral with respect to race, gender, and social and economic status. [Emphasis supplied.]
A person's social status is not solely conditioned on employment, or for that matter, lack of employment, although these circumstances are among the most salient elements which establish one's status in society. We interpret subsection (b)(1) of Rule 3.701 as meaning that factors other than an offender's social status must predominate in order for a judge to impose a departure sentence. The obvious intent of the Guidelines Commission, which drafted the Rule, is that persons from different stations of life must not be discriminated against because of their relationship to the rest of society. The essence of the Rule is that offenders must be sentenced for what they have done and not for who they are.
The record in the case at bar indicates that the appellant, a Miami Police officer, furnished Miami Police Department-issued flexcuffs (handcuffs) to facilitate the commission of the armed robbery. When asked why they wanted the flexcuffs, one of the co-conspirators replied, "They're easier than tying people up. You just throw them on." Thus, there was a conscious decision to provide police-issued equipment to facilitate the commission of a crime. Under these circumstances, we hold that the trial court was entitled to depart from the guideline range because appellant abused a position of public trust.
The appellant also contends that subsection d-11 of Rule 3.701, Fla.R. Crim.P., violates the due process clauses of Article I, Section 9 of the Florida Constitution, and the Fourteenth Amendment of the United States Constitution. Subsection d-11 states that "[d]eparture from the guideline range should be avoided unless there are clear and convincing reasons to warrant aggravating or mitigating the sentence." (Emphasis supplied.) Appellant argues that the "clear and convincing" standard is too vague and allows for arbitrary or capricious application of the Rule. We decline to reach this issue because the appellant elected to be sentenced under the guidelines. He voluntarily opted to accept the benefits of the guidelines and, therefore, cannot take an inconsistent position on appeal. See Campbell v. Kauffman Milling Co., 42 Fla. 328, 29 So. 435 (1900). It is elemental that a party cannot claim as error on appeal that which he invited or introduced in the trial court. Pope v. State, 441 So.2d 1073 (Fla. 1984). Accordingly, the judgment and sentence are
AFFIRMED.
ANSTEAD and HURLEY, JJ., and GREEN, OLIVER L., Associate Judge, concur.