476 So.2d 1348 (1985)
Jorge OCHOA, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1849.
District Court of Appeal of Florida, Second District.
October 9, 1985.
*1349 Gerald W. Medeiros, Lakeland, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
HALL, Judge.
Defendant pled guilty to the charges of kidnapping with the use of a firearm and one count of armed robbery. The presumptive range under the sentencing guidelines was between nine and twelve years. The trial court departed from the guidelines and sentenced defendant to forty years in state prison. On appeal defendant challenges the sentence contending that the trial court's departure from the presumptive sentence was not based on valid, clear, and convincing reasons.
In stating its reasons for departure, the trial court cited the traumatic nature of the offense and the incalculable impact upon the victim. This reason has in itself been deemed by this court to be a valid reason for departure. Green v. State, 455 So.2d 586 (Fla. 2d DCA 1984). The trial court also cited a reason for departure which was of dubious validity; i.e., that had the victim not freed himself the defendant would have murdered him.
In Albritton v. State, 476 So.2d 158 (Fla. 1985), the supreme court recently held that a departure from the guidelines based upon both valid and invalid reasons is reversible, unless it can be shown beyond a reasonable doubt that the absence of the invalid reasons would not have affected the departure sentence.
It is amply evident that the trial court's main concern in its departure from the guidelines was the psychological trauma inflicted upon the victim and his family. Judge Green went into great detail in setting forth the traumatic effects upon the victim and his family; and it is evident, beyond a reasonable doubt, that eliminating the invalid reasons, Judge Green would have entered the same sentence.
In Albritton the supreme court further stated: "An appellate court reviewing a departure sentence should look to the guidelines sentence, the extent of the departure, the reasons given for the departure, and the record to determine if the departure is reasonable." Id. at 160.
We find that due to the emphasis placed upon the victim's psychological trauma set forth in the reasons for the departure and in light of the record in this case that the departure is reasonable.
In view of the ruling in Albritton placing the arduous task upon the District Courts of Appeal of Florida to determine whether the trial court applied the proper discretionary criteria to a sentencing deviation, we certify the following question as one of great public importance:
WHEN AN APPELLATE COURT FINDS THAT A SENTENCING COURT RELIED UPON A REASON OR REASONS THAT ARE PERMISSIBLE UNDER FLORIDA RULE OF CRIMINAL PROCEDURE 3.701 IN MAKING ITS DECISION TO DEPART FROM THE SENTENCING GUIDELINES, WHAT CRITERIA SHOULD AN APPELLATE COURT ADOPT IN DETERMINING IF THE SENTENCING COURT ABUSED ITS DISCRETION IN ITS EXTENT OF DEVIATION?
Affirmed.
SCHEB, A.C.J., and CAMPBELL, J., concur.