FRANK, Judge.
The appellant, Joseph Pittman, was convicted of one count of attempted first degree murder, one count of aggravated assault, two counts of aggravated battery, and one count of arson in the first degree. He contends here that the evidence was *593 insufficient to convict him of attempted first degree murder and of aggravated battery. Pittman also asserts error in the trial court’s failure to grant him a new trial and in its failure to sentence him within the sentencing guidelines. We affirm in part, reverse in part, and remand for resentenc-ing.
Pittman was accused of attempting to murder Johnny Starling, Joy Starling, their daughter Deirdre Starling, and a family friend, William Campbell. After an altercation at the Starling residence that concluded when Johnny Starling ordered Pittman out of his home, Pittman muttered something about being a “madman.” He later returned, set a fire at the back door, went to the front door, and threw a can of burning gasoline into the living room where the Starlings, Deirdre, and William Campbell were present. As he threw the gasoline Pittman shouted, “I’ve got you now, you m — f—ers.” Mrs. Starling suffered some flash bums, and Mr. Starling burned his hand when he picked up the burning gasoline can to throw it out of the house. Deirdre Starling and William Campbell were untouched by the flaming gasoline.
Pittman argues on appeal, as he did in the trial court, that the evidence was insufficient to convict him of attempted first degree murder. We disagree. The record reveals more than ample evidence from which the jury could deduce that Pittman intended to kill the occupants of the Starling home. Most striking and probative were Pittman’s own words.
Pittman, however, advances another contention with which we do agree: the evidence was insufficient to convict him of aggravated battery. Pittman’s attorney requested an aggravated battery charge as to Mrs. Starling on the theory that she was injured by flash burns and the flaming gas can could be considered a deadly weapon. When the trial court instructed the jury on the charges involving Deirdre Starling and William Campbell, Pittman failed to object. Nevertheless, after the jury returned verdicts finding him guilty of aggravated battery, and not attempted first degree murder as to Deirdre Starling and William Campbell, he asked for a new trial on the ground that the evidence was insufficient to sustain that finding. Thus, he properly preserved this issue for appeal. Mancini v. State, 273 So.2d 371 (Fla.1973); see Sanderson v. State, 390 So.2d 744, 745 n. 2 (Fla. 5th DCA 1981).
The state has conceded that there was no showing of any injury to or touching of Deirdre Starling or William Campbell, and none appears in the record. Thus, an essential element of any battery, let alone an aggravated battery, is missing. See D.C., a Child v. State, 436 So.2d 203 (Fla. 1st DCA 1983). “We can think of no error more fundamental than the conviction of a defendant in the absence of a prima facie showing of the essential elements of the crime charged.” Dydek v. State, 400 So.2d 1255, 1258 (Fla.2d DCA 1981). Therefore, we reverse Pittman’s convictions on Counts III and IV, the aggravated battery against Deirdre Starling and William Campbell.
Pittman has also disputed the propriety of some of the prosecutor’s remarks uttered during closing argument, to which there was no contemporaneous objection. He has also contended that the trial court’s interruption of his counsel’s voir dire prejudiced him in the jury’s eyes. We have examined the record and have found these points entirely lacking in merit.
Finally, Pittman has correctly asserted that the trial court erred at sentencing. The recommended guideline range was 17 to 22 years, which could have been increased to 22 to 27 years without the necessity of stating any clear and convincing reasons. The trial court departed further, however, by imposing consecutive sentences of 30 years, 20 years, and 5 years for, respectively, attempted first degree murder, first degree arson, and aggravated assault, together with concurrent 5 year terms for the two aggravated battery convictions. As reasons for departure the trial court relied on the defendant’s *594 probationary status at the time of the offense and his conclusion that the crimes constituted “an extreme and unreasonable risk to the safety of persons and property.”
We must reverse and remand for the following reasons. First, the trial court did not enter a written order of departure. Second, the probation violation, mentioned above, justifies only a one cell increase. Finally, the defendant was convicted of first degree arson; by its very nature fire causes an extreme risk to lives and property. Thus, the trial court could not properly consider danger to life and property, matters inherent within the crime for which defendant was convicted, as a reason for departure. State v. Mischler, 488 So.2d 523 (Fla.1986).
Affirmed in part, reversed in part and remanded for sentencing within the guidelines.
CAMPBELL, A.C.J., and LEHAN, J., concur.