PER CURIAM.
Following his convictions for attempted burglary of a conveyance, aggravated assault with a deadly weapon, and possession of burglary tools, appellant Miguel Gomez challenges his sentences, contending that the trial court impermissibly departed from sentencing guidelines. The court gave the following reasons for departure:
a. The defendant, Miguel Gomez, created an extreme risk to the physical safety of the victim, Ira Fox, and innocent bystanders who were present in a busy public parking lot when he fired a revolver in the general direction of the victim
b. The defendant, Miguel Gomez, used excessive and unnecessary force in attempting to burglarize a vehicle when, after he was discovered, he ran to his own car, reached in and produced a revolver and shot in the general direction of an unarmed, innocent victim who was attempting to stop the defendant from burglarizing the vehicle. The court finds that this defendant could have easily and safely escaped in his own vehicle, as he did anyway, without the resort to firing a gun at this individual. This excessive force unnecessarily endangered the life of the intended victim as well as those lives of several innocent bystanders who were present in the public parking lot at a busy shopping mall where this crime took place. (Citations omitted.)
c. The defendant, Miguel Gomez, has a prior misdemeanor conviction for carrying a concealed weapon. It is clear that the defendant’s conduct in the instant cause represents an escalating pattern of more severe, and dangerous criminal activity on his part. (Citations omitted.)
d. The recommended guidelines sentence of any non-state prison sanction fails to provide appropriate retribution, deterence [sic] or rehabilitation based on the facts of this case and the defendant’s prior record. (Citations omitted.)
Neither the trial court’s stated reasons, which cite factors already included in the recommended guidelines sentence, nor the record presents clear and convincing grounds for departure. State v. Mischler, 488 So.2d 523 (Fla.1986); Hendrix v. State, 475 So.2d 1218 (Fla.1985); Flemmings v. State, 476 So.2d 292 (Fla. 3d DCA 1985); Baker v. State, 466 So.2d 1144 (Fla. 3d DCA 1985), approved, 483 So.2d 423 (Fla.1986).
Reversed and remanded for resentenc-ing.