DAUKSCH, Judge.
This is an appeal from a guideline sentence departure. The trial court erred in sentencing appellant to a term greater than that recommended by the sentencing guidelines. The departure was based upon three factors. The first was because of appellant’s habitual offender status. That is improper under Whitehead v. State, 498 So.2d 863 (Fla.1986). The second was because the victim was a police officer. That is improper because one of the crimes for which appellant was sentenced included an element of the crime that the victim is a police officer — resisting an officer with violence. The third was “Disregard for Safety of Innocent Bystander” because “there were other people in and around the bar who might have been injured had the Victim [police officer] fired his weapon in response to the Defendants [sic] threat.” We cannot hold a defendant responsible for what a police officer might do to injure someone, where no injury occurred and the situation was apparently defused in a reasonable fashion. There is no evidence that *33 the defendant himself placed persons other than the officer in a dangerous situation.
The sentence is vacated and this cause remanded for sentencing within the guidelines.
SENTENCE VACATED; REMANDED.
COBB, J., and JOHNSON, W.C., Jr., Associate Judge, concur.