PER CURIAM.
Randall John Cason appeals his conviction and sentence of imprisonment. We find that none of the four grounds for relief claimed by Cason constituted reversible error and, thus, affirm the conviction and sentence.
Cason first contends that Count I of the information was fatally deficient since it failed to inform him adequately of the conspiracy charges against him. Our review reveals that the language of the information properly tracked the conspiracy statute and sufficiently apprised Cason of the charge. State v. Mena, 471 So.2d 1297 (Fla. 3d DCA 1985); § 777.04, Fla.Stat. (1985).
Cason’s next allegation, that the circumstantial evidence adduced against him by the state did not exclude his reasonable hypothesis of innocence, is also without merit. The evidence was more than sufficient to support the jury’s verdict of Ca-son’s guilt on the bribery by a public servant charge. Tresvant v. State, 396 So.2d 733 (Fla. 3d DCA), rev. denied, 408 So.2d 1096 (Fla.1981).
As his third point on appeal, Cason argues that the trial court committed fundamental error in its jury instructions. No error exists here because Cason waived the need for a specific instruction regarding the admission of co-conspirator statements by not raising it on the trial level. Darden v. State, 475 So.2d 214 (Fla.1985). Additionally, the doctrine of fundamental error does not excuse Cason’s failure to object below to the omission of one element from the jury instruction on principals. Morton v. State, 459 So.2d 322 (Fla. 3d DCA 1984), rev. denied, 467 So.2d 1000 (Fla.1985).
We find no merit in Cason’s final point concerning the validity of his departure sentence. The reasons listed by the trial court were clear and convincing since Cason breached the public trust placed in him by virtue of his position as a police officer, Spain v. State, 475 So.2d 944 (Fla. 4th DCA 1985), rev. denied, 486 So.2d 597 (Fla.1986), and created an extreme risk to the safety of both citizens and other police officers through his participation in this scheme, Garcia v. State, 454 So.2d 714 (Fla. 1st DCA 1984).
Affirmed.