509 So.2d 1115 (1987)
Jorge OCHOA, Petitioner,
v.
STATE of Florida, Respondent.
No. 67870.
Supreme Court of Florida.
July 16, 1987.
Gerald W. Medeiros, Lakeland, for petitioner.
Robert A. Butterworth, Atty. Gen. and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
We have for review Ochoa v. State, 476 So.2d 1348 (Fla. 2d DCA 1985), in which the court certified a question of great public importance. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Ochoa pled guilty to charges of kidnapping[*] with the use of a firearm and armed robbery. Under the sentencing guidelines, the presumptive range was nine to twelve years imprisonment. The trial court exceeded that range and sentenced Ochoa to two concurrent forty-year sentences, offering several reasons for the departure. The district court found all but one of the proffered reasons invalid and concluded: "[I]t is evident, beyond a reasonable doubt, that eliminating the invalid reasons, [the trial judge] would have entered the same sentence." 476 So.2d at 1349. The district court affirmed the departure and certified the following as a question of great public importance:
WHEN AN APPELLATE COURT FINDS THAT A SENTENCING COURT RELIED UPON A REASON OR REASONS THAT ARE PERMISSIBLE UNDER FLORIDA RULE OF CRIMINAL PROCEDURE 3.701 IN MAKING ITS DECISION TO DEPART FROM THE SENTENCING GUIDELINES, WHAT CRITERIA SHOULD AN APPELLATE COURT ADOPT IN DETERMINING IF THE SENTENCING COURT ABUSED *1116 ITS DISCRETION IN ITS EXTENT OF DEVIATION?
Id.
Since we accepted jurisdiction in this case, the legislature amended section 921.001(5), Florida Statutes, to provide that "[t]he extent of departure from the guideline sentences shall not be subject to appellate review." Ch. 86-273, § 1, Laws of Fla. (1987). We do not reach the issue of whether the legislature constitutionally can restrict appellate review of sentences nor the issue presented in the certified question because we cannot agree with the district court that there was any valid reason for a departure sentence in this case.
The lone reason determined to be valid by the district court was that the victim had suffered emotional trauma as a result of the defendant's actions:
In stating its reasons for departure, the trial court cited the traumatic nature of the offense and the incalculable impact upon the victim. This reason has in itself been deemed by this court to be a valid reason for departure. Green v. State, 455 So.2d 586 (Fla. 2d DCA 1984).
... .
It is amply evident that the trial court's main concern in its departure from the guidelines was the psychological trauma inflicted upon the victim and his family.
476 So.2d at 1349.
Subsequent to the district court's decision below, this Court has held that emotional and psychological trauma suffered by the victim cannot justify a departure sentence when it is the type of trauma that is inherent in the crime in question. State v. Cote, 487 So.2d 1039 (Fla. 1986) (aggravated assault); Lerma v. State, 497 So.2d 736 (Fla. 1986) (sexual battery); State v. Rousseau, 509 So.2d 281 (Fla. 1987) (burglary).
We find that some degree of psychological and/or emotional trauma is always present as a consequence of a kidnapping. In this case, there is no evidence in the record of "extraordinary circumstances clearly not inherent in the crime charged" which would justify a departure. See Rousseau.
Accordingly, we quash the decision of the district court and remand for the imposition of a guidelines sentence.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, J., specially concurs with an opinion.
BARKETT, Justice, specially concurring.
I agree with the majority opinion with the caveat expressed in my specially concurring opinion in State v. Rousseau, 509 So.2d 281 (Fla. 1987).
NOTES
[*] The information charged Ochoa with abduction "with intent to hold the [victim] for ransom or reward." See § 787.01(1)(a)1, Fla. Stat. (1985).