509 So.2d 1332 (1987)
Alfonso REY, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-2122.
District Court of Appeal of Florida, Third District.
July 21, 1987.
Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Steven T. Scott, Asst. Atty. Gen., for appellee.
*1333 Before HENDRY, BASKIN and DANIEL S. PEARSON, JJ.
PER CURIAM.
Appellant was found guilty by a jury of first degree arson, and convicted by the court. A sentence of 10 years' imprisonment was imposed.
Appellant's sole contention on appeal is that the trial court erred in imposing a term of imprisonment of 10 years instead of the presumptive guideline sentence of 3 1/2 to 4 1/2 years. We find no merit in appellant's contention, and affirm.
The reasons provided by the trial court for imposing the longer sentence are as follows:
(1) The [defendant's] criminal conduct created a very real danger of death or physical injury of a large number of innocent people. The fire was set at approximately midnight when other occupants of the apartment building were sleeping. It was only the fast reaction of neighbors once the fire was discovered which prevented a further human tragedy from occurring.
(2) Once the fire was set, the [defendant] showed a total disregard for human life by leaving the area without alerting the sleeping neighbors to the danger which he created.
(3) The fire was set in an apartment building in Little Havana which was in close proximity to four other surrounding apartment buildings in which numerous residents were sleeping.
The reasons provided for departure in essence constitute one reason: that appellant evinced a flagrant disregard for the safety of others in setting this fire in a congested urban area late at night when residents of the area would likely be sleeping. That a defendant has shown a flagrant disregard for the safety of others has been held to constitute a clear and convincing reason for departure. E.g., Scurry v. State, 489 So.2d 25, 29 (Fla. 1986) (defendant's shooting from public street at victim who was in doorway of his home failed to constitute a clear and convincing reason for departure because flagrant disregard for safety of others was not proved beyond a reasonable doubt); Hall v. State, 503 So.2d 1370, 1372 (Fla. 4th DCA 1987) (upward deviation from guidelines was proper where defendant held lighter near sticks of dynamite in attempt to rob bank, creating a great risk of harm to customers and bank employees); Moreira v. State, 500 So.2d 343 (Fla. 3d DCA 1987) (departure sentence affirmed where defendant subjected 4 persons in victim's residence to having a machine gun pointed at them and where defendant fired submachine gun at one of victims at a gas station where other persons and an FBI agent were present); Webster v. State, 500 So.2d 285 (Fla. 1st DCA 1986) (defendant evinced flagrant disregard for safety of others by shooting victim outside nightclub with 30-40 other people in vicinity).
Appellant has cited Pittman v. State, 498 So.2d 592 (Fla. 2d DCA 1986) as supporting a reversal of his departure sentence. In Pittman, the second district reversed a departure sentence imposed upon a defendant convicted of, inter alia, attempted first-degree murder and first degree arson. The defendant in Pittman set a fire at the back door of his victims' home and then threw a can of burning gasoline into the room where his victims were present. The appellate court held that "by its very nature fire causes an extreme risk to lives and property[,]" and that the defendant's conviction for the crime of first degree arson precluded the trial court from "consider[ing] danger to life and property, matters inherent within the crime for which defendant was convicted, as a reason for departure." Id. at 594.
We find the facts of Pittman to be distinguishable, and reject appellant's argument that a reversal of the departure sentence is warranted in the instant case. In this case the trial court was presented with additional factors not present in Pittman. Appellant committed his act of arson in a *1334 densely populated urban area and at a time when persons would likely be sleeping, thereby endangering persons in other apartments in the building where the victim resided and residents of adjacent apartment buildings, some of which also had to be evacuated by firefighters. The record reveals that the risk to others created by appellant was proved beyond a reasonable doubt. Accordingly, we affirm the departure sentence under review.
Affirmed.