BASKIN, Judge.
Miguel Vidal challenges his convictions and sentences for armed robbery and burglary with a weapon. He contends: the trial court wrongfully excluded evidence; the prosecutor’s closing argument was improper; and the court impermissibly departed from sentencing guidelines. Finding no reversible error, we affirm.
At the sentencing hearing the state requested the court to depart from sentencing guidelines, citing three reasons for upward departure: 1) abuse of a position of trust; 2) extreme risk to the safety of others; and 3) psychological trauma to the victims. After considering testimony and argument, the court stated its intention to depart from the sentencing guidelines and discussed defendant’s “trusted position as a police officer,” but did not mention the other reasons for departure noted in the state’s motion. The trial court granted the state’s motion but failed to enter an order reciting its own reasons for departure.[1]
First, addressing the grounds contained in the motion apparently adopted by the trial court, we hold that “abuse of position of trust” is a valid reason for departure, see Cason v. State, 508 So.2d 448 (Fla. 3d DCA 1987); Neal v. State, 492 So.2d 1135 (Fla. 1st DCA 1986); Spain v. State, 475 So.2d 944 (Fla. 4th DCA 1985), review denied, 486 So.2d 597 (Fla.1986), and is supported by credible evidence. The second reason, “extreme risk to the safety of citizens” is a valid justification for upward departure. See Scurry v. State, 489 So.2d 25 (Fla.1986); Rey v. State, 509 So.2d 1332 (Fla. 3d DCA 1987) and cases cited therein. In the case before us, however, the record contains no evidence to support the state’s assertion that defendant created a risk to bystanders. See Whitfield v. State, 505 So.2d 360 (Fla. 4th DCA 1987); Higdon v. State, 499 So.2d 32 (Fla. 5th DCA 1986); Gomez v. State, 498 So.2d 636 (Fla. 3d DCA 1986). The final reason, “psychological trauma to the victims,” is a permissible basis for upward departure only if the trauma arises from extraordinary circumstances not inherent in the charged crime, Ochoa v. State, 509 So.2d 1115 (Fla.1987); State v. Rousseau, 509 So.2d 281 (Fla.1987), or if the victim suffers from “a discernible physical manifestation resulting from the trauma.” Rousseau, 509 So.2d at 284. In the case before us, the bare assertions of the prosecutor are insufficient to demonstrate that the victims suffered from the requisite degree of psychological trauma not inherent in the crime, and do not constitute a clear and convincing reason to depart from sentencing guidelines. See Lumpkin v. State, 510 So.2d 1164 (Fla. 3d DCA 1987).
A sentence based on valid as well as invalid reasons for departure from sentencing guidelines must be reversed and remanded unless the state has proven beyond' a reasonable doubt that the court would reimpose the same sentence absent the invalid reason. Albritton v. State, 476 So.2d 158 (Fla.1985). Because the trial court emphatically announced as its reason for departure that defendant’s participation in an armed home invasion abused his position of trust as a police officer, it is clear beyond a reasonable doubt that the court would reimpose the same sentence even after exclusion of the invalid reason.
For these reasons, we affirm the final judgment and sentence.
Affirmed.

. The judge’s initials, the names of the defense attorney and prosecutor, and "grt” were placed in the margin of the motion. In the space on the guidelines scoresheet labeled "Reasons for departure," the trial judge wrote "See separate order,” apparently referring to the motion. Although a court must set out in writing its own reasons for departing from the guidelines, State v. Jackson, 478 So.2d 1054 (Fla.1985); section 921.001(6), Fla.Stat. (Supp.1984); Fia.R.Crim.P. 3.701(b)(6); (d)(ll), and not merely adopt reasons offered by counsel, see Barbera v. State, 505 So.2d 413 (Fla.1987), we are convinced, after reviewing the transcript, that the motion granted by the court accurately reflects the trial court’s valid reason for departing from .the guidelines.