BARFIELD, Judge.
James H. Addington, Jr. appeals the trial court’s judgment as it provides for support and use and distribution of marital assets. *898 The awards of alimony, life insurance and use of the marital home are AFFIRMED.
The division of marital assets is REVERSED. The lakeside cottage, while built in part with the parties’ funds, was owned by the appellant’s mother. It was not a marital asset subject to distribution. There is no evidence of the value of the football tickets in the record. If the court intends to attribute some value to the tickets that value must have some record support. The value attributed to the appellant’s insurance business has no record support. While the trial court may have considered the business to have some goodwill value as argued by appellee, there is no evidentiary predicate upon which such a value could be based. On the strength of the record before this court it is only speculation as to what might have been the basis of the trial court’s valuation. The only measurable basis of business valuation was the balance sheet from which a book value might be determined. That value nowhere approximated the trial court’s valuation.
The distribution of marital assets is REVERSED, and the case is REMANDED to the trial court for further proceedings.
SHIVERS and THOMPSON, JJ., concur.