522 So.2d 986 (1988)
John Wesley SHEFFIELD, III, Appellant,
v.
Hazel Edna SHEFFIELD, Appellee.
No. 87-179.
District Court of Appeal of Florida, First District.
March 25, 1988.
Rehearing Denied May 2, 1988.
Lacy Mahon, Jr. and Mark H. Mahon, Jacksonville, for appellant.
Alexander G. Smith, of Smith and Smith, P.A., Jacksonville, for appellee.
WIGGINTON, Judge.
Appellant husband appeals the final judgment of dissolution of the parties' marriage, challenging the property distribution. We reverse and remand for further consideration.
The trial judge's division of property between the parties was based in large part upon the valuation of two corporations, Sheffield and Associates, Inc. and Sheffield Consultation Services, Inc., which he found to be marital assets. We find no error in the determination that both corporations are marital assets. However, the valuation of those corporations is the subject of reversal on appeal.
According to the final judgment of dissolution, the trial judge valued those corporations on the basis of certain corporate tax returns. Those corporate tax returns, which are in the record, do not reveal the "value" of the subject corporations and no other evidence in the record supports the court's valuation findings. Since the valuations assigned by the trial judge are without any record support, we reverse and remand for further proceedings, if necessary, to redetermine the value of the marital assets based on competent evidence. See Addington v. Addington, 522 So.2d 897 (Fla. 1st DCA 1988).
Appellant also challenges the trial judge's failure to include appellee's prospective entitlement to a pension in his list of available marital assets. On remand, the trial judge should consider the issue of whether appellee's pension entitlement should be deemed a marital asset and, if so, he should include its value in achieving equity in his distribution of the marital property. Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986); Pastore v. Pastore, 497 So.2d 635 (Fla. 1986). We note that, in making his determination on this issue, the trial judge may consider the lengthy period of separation of the parties as justification for disparate treatment of the pension entitlement. Compare Temple v. Temple, 519 So.2d 1054 (Fla. 4th DCA 1988).
Since, by the above rulings, the entire scheme of equitable distribution heretofore fashioned by the trial judge is affected, we reverse the Final Judgment of Dissolution and remand for the trial court to revisit the entire issue of equitable distribution in this *987 case. Compare Borntraeger v. Borntraeger, 521 So.2d 125, (Fla. 1st DCA 1987).
REVERSED AND REMANDED.
BOOTH and ZEHMER, JJ., concur.