534 So.2d 771 (1988)
Luisa Devers ABREU, Appellant,
v.
Prospero AMARO and Josefa Amaro, His Wife, Appellees.
No. 87-2949.
District Court of Appeal of Florida, Third District.
November 15, 1988.
Rehearing Denied December 28, 1988.
Scherman & Zelonker and Regina F. Zelonker, Hialeah, for appellant.
Martin David Berg, Miami, for appellees.
Before DANIEL S. PEARSON, FERGUSON and JORGENSON, JJ.
PER CURIAM.
This appeal is brought from a final judgment denying a claim for the imposition of a resulting or constructive trust on the appellees' real property.
Prospero Amaro, the appellee, was raised by his aunt, Luisa Abreu, the appellant. Using $30,000 received from his aunt, *772 Prospero and his wife in 1977 took title to and moved into a new house. After moving into the house, Prospero wrote letters to his aunt wherein he referred to the house as "your house" and "your home." From 1977 until 1984 the aunt made the monthly mortgage payment of $247. In 1985 Abreu moved from New York to Florida and paid the outstanding mortgage balance of $20,000. After arriving in Florida, Abreu demanded that title to the house be placed in her name. Prospero refused. Abreu, claiming that she had given Prospero the money to purchase the house for her, filed an action seeking to impose a resulting or constructive trust. After a trial, the court ruled for Prospero and Josefa finding that Abreu failed to prove her case.
Abreu contends that this is a classic case for the imposition of a resulting trust. Under Florida law, once a plaintiff proves that he paid the purchase price for a piece of property, a presumption arises that it was the parties' intention that the individual holding legal title was to hold the property in trust for the payor. On such facts, a resulting trust is presumed as a matter of law. Smith v. Smith, 143 Fla. 159, 196 So. 409 (1940); Frank v. Eeles, 152 Fla. 869, 13 So.2d 216 (1943); Pyle v. Pyle, 53 So.2d 312 (Fla. 1951). The burden is then shifted to the transferee to show that the money was a gift or a loan. Restatement (Second) of Trusts § 458 (1959). However, where title is taken by the natural object of the payor's bounty, a contrary presumption arises and a gift is presumed. A. Scott, Law of Trusts § 442 (3d ed. 1967); G. Bogert, Trusts and Trustees § 459 (1977). Generally, there is no presumption of gift between aunts and nephews; gifts of this type are considered unusual and unlikely. G. Bogert, supra, at 743. Nevertheless, where a payor/aunt stands in a position of in loco parentis to the nephew, a gift is presumed. See generally A. Scott, supra, at 3336. Dines v. Hyland, 180 Wash. 455, 40 P.2d 140 (1935) (where payor stands in loco parentis to grantee, a rebuttable presumption of gift arises). Compare Peterson v. Kabrich, 213 Mont. 401, 691 P.2d 1360 (1984) (where aunt never assumed an in loco parentis relationship, a presumption of gift was precluded).
Here, based on the in loco parentis relationship, the trial court may have concluded, properly, that the presumption of gift rebutted and superseded the presumption of trust.
The appellant contends, alternatively, that the trial court abused its discretion in failing to impose a constructive trust based on an abuse of a confidential relationship. A constructive trust is a remedial device with dual objectives  to restore property to the rightful owner and prevent unjust enrichment. To impose a constructive trust there must be "(1) a promise express or implied, (2) transfer of the property and reliance thereon, (3) confidential relationship, and (4) unjust enrichment." 5 G. Thompson, On Real Property § 2345, at 134 (1979 Repl.). The person seeking to impose a constructive trust must prove those factors giving rise to a trust by clear and convincing evidence. Hiestand v. Geier, 396 So.2d 744 (Fla. 3d DCA), rev. denied, 407 So.2d 1103 (Fla. 1981); Kramer v. Freedman, 272 So.2d 195 (Fla. 3d DCA), cert. discharged, 295 So.2d 97 (Fla. 1973); Harris v. Harris, 260 So.2d 854 (Fla. 1st DCA 1972).
Although Abreu presented ample evidence to support the imposition of either a resulting or a constructive trust, the evidence was equally sufficient  particularly in view of the plaintiff's heavy burden of proof  to support the trial court's finding that a gift was intended. Findings of fact by a judge in a nonjury case will be affirmed where there is competent and substantial evidence to support those findings. Laufer v. Norma Fashions, Inc., 418 So.2d 437 (Fla. 3d DCA 1982).
Affirmed.