LEHAN, Judge.
We reverse the guidelines departure sén-tence imposed following defendant’s conviction for attempted kidnapping.
The trial court’s reasons for departure were: (1) “This is an extremely egregious offense. The guidelines are totally disproportionate to the offense”; (2) “Physical' harm is not taken into account by the guidelines [on] this charge”; and (3) “The emotional trauma of the offense and what followed is not taken into account by the guidelines.”
As to reason (1), it has been settled that a trial court’s perception that the guidelines recommended sentence is disproportionate to the offense is an insufficient reason for departure. As the Florida Supreme Court said in that regard,
It is ... improper to depart based on the trial court’s perception that the recommended sentence under the guidelines is not commensurate with the seriousness of the crime. The raison d’etre of the sentencing guidelines is to develop punishment commensurate with the seriousness of the crime. The different categories of crimes, the various scoring opportunities, and the disparate punishment ranges are clearly bottomed on this objective. The guidelines were enacted “to establish a uniform set of standards to guide the sentencing judge” and “eliminate unwarranted variation in the sentencing process by reducing the subjectivity in interpreting specific offense- and offender-related criteria and in defining their relative importance in the sentencing decision.” In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848, 849 (Fla.1983). Accord Santiago v. State, 478 So.2d 47, 48 (Fla.1985); Hendrix [v. State], 475 So.2d [1218] at 1219-20. A trial judge may not substitute his own opinion for that of the Sentencing Guidelines Commission simply because he does not agree with the presumptive sentence. Cf. Allen v. *287 State, 476 So.2d 309, 310 (Fla. 2d DCA 1985) (trial judge may not depart simply because he thinks a harsher sentence will deter others). To permit every trial judge to determine his or her own sentence would result in the total elimination of the sentencing guidelines.
Williams v. State, 492 So.2d 1308, 1309 (Fla.1986). No basis was specifically given in the order now under review for the conclusion that the offense in this case was “extremely egregious.” The validity of that conclusion apparently depends upon the validity of the other two reasons.
As to reason (2), we agree with defendant’s contention that victim injury was not a proper reason for departure from the guidelines recommended sentence. The sentencing guidelines, as amended, provides for scoring victim injury, Fla.R. Crim.P. 3.701(d)(7) (1985), and factors taken into account in calculating the guidelines score cannot justify a departure from the guidelines presumptive sentence. See Mathis v. State, 515 So.2d 214, 216 (Fla.1987).
As to reason (3), the record supports defendant’s contention which is to the effect that the emotional trauma suffered by the victim in this case was shown to be no more than “the type of trauma that is inherent in the crime in question.” Ochoa v. State, 509 So.2d 1115, 1116 (Fla.1987).
Upon remand defendant’s guidelines score should be recalculated to take into account any victim injury which was not done at sentencing. Defendant shall then be resentenced within the guidelines recommended sentence.
The sentence is reversed and the cause remanded for sentencing within the guidelines recommended range.
DANAHY, A.C.J., and ALTENBERND, J., concur.