617 So.2d 358 (1993)
Donald Richard HELD, Appellant,
v.
Esther L. HELD, Appellee.
No. 92-1496.
District Court of Appeal of Florida, Fourth District.
April 14, 1993.
*359 Gary S. Israel, Palm Beach, for appellant.
Martin L. Haines, III, of Martin L. Haines, III, Chartered, Lake Park, for appellee.
POLEN, Judge.
The former husband appeals from a final judgment of dissolution of marriage. We affirm.
The former husband first contends that the trial court abused its discretion when it awarded the former wife child support in the amount of $400.00 per month, because he is presently incarcerated for a drug-related offense and earns no income.[1] The former wife answers that the husband's unemployment must be considered voluntary under subsection 61.30(2)(b), Florida Statutes (1991),[2] because he was well aware that he faced the possibility of incarceration if caught and convicted a second time. The record shows that prior to his conviction, the husband earned approximately $40,000 per year from his legitimate employment as a boat builder. We also note that after the husband's incarceration, he arranged to pay $100 per week in child support to the wife from an undisclosed source. Under the circumstances, we find no abuse of discretion in the trial court's award. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
The husband next complains that the trial court lacked the authority to award the wife child support "in advance" by sequestering his share of the equity in *360 the marital home. Notably, this position is inconsistent with the position the husband took at trial, where his attorney suggested that option to the court. A party cannot claim as error on appeal that which he invited or introduced below. See Spain v. State, 475 So.2d 944, 946 (Fla. 4th DCA 1985), and Pope v. State, 441 So.2d 1073 (Fla. 1984). That is, he cannot take an inconsistent position on appeal. See Campbell v. Kauffman Milling Co., 42 Fla. 328, 29 So. 435 (1900). Moreover, trial courts must look to all available assets in determining whether an individual has the ability to pay child support. Bowen v. Bowen, 471 So.2d 1274 (Fla. 1985); § 61.30, Fla. Stat. (1991);[3] § 61.13(1)(c), Fla. Stat. (1991).[4] As a result, we find no abuse of discretion. See also Gill v. Gill, 504 So.2d 67 (Fla. 2d DCA 1987) (a trial court may order sequestration of an incarcerated party's assets for purposes of securing payment of alimony, child support, or medical insurance for the parties' child).
Finally, the former husband argues that the trial court failed to distribute a First Union Bank Individual Retirement Account (IRA) as well as a First Union Bank checking account. He contends this requires remand with directions to dispose of these assets. The former wife testified at trial that she possessed one IRA; the trial court distributed that IRA to the wife. The former husband's counsel questioned the wife regarding the possibility that a second IRA existed, but it was never established that it did. Thus, the trial court committed no error when it omitted a second IRA from the equitable distribution. As to the checking account, the record shows that the wife opened that account with her sole earnings, apparently after the husband's arrest; the funds therein were never joint funds and were never commingled. Accordingly, we hold that the trial court's equitable distribution scheme was proper under the circumstances.
AFFIRMED.
GLICKSTEIN, C.J., and GUNTHER, J., concur.
NOTES
[1] This is the husband's second conviction for a drug offense, the first having been in 1981.
[2] Subsection 61.30(2)(b) provides in pertinent part:

Income shall be imputed to an unemployed or underemployed parent when such unemployment or underemployment is found to be voluntary on that parent's part... .
[3] Section 61.30(10) provides in pertinent part:

The Court may adjust the minimum child support award, or either or both parent's share of the minimum child support award, based upon the following considerations:
.....
(h) Total available assets of the obligee, obligor, and the child.
[4] Subsection 61.13(1)(c), Florida Statutes (1991) provides in pertinent part:

To the extent necessary to protect an award of child support, the court may order the obligor to purchase or maintain a life insurance policy or bond, or to otherwise secure the child support award with any other assets which may be suitable for that purpose.