PER CURIAM.
This is an appeal by the defendant Richard C. Houstoun from adverse partial final summary judgments entered in an action to foreclose certain alleged judgment liens recorded against the defendant’s real property. We reverse the judgments under review and remand the cause to the trial court with directions to dismiss the foreclosure action below. We reach this result because the three recorded court orders, upon which the plaintiff Mara Rafart Houstoun seeks to foreclose as judgment liens, are not, in fact, final monetary judgments upon which execution may issue, and, accordingly, do not constitute judgment liens against the defendant’s real property.
1. The first recorded court order sought to be foreclosed was entered in post-judgment proceedings in a marriage dissolution action. The plaintiff sought to enforce a property settlement agreement against her former husband, not a party to this action. The court order found the ex-husband in civil contempt for failure to pay the plaintiff *1114 court-ordered alimony, child support, and certain mortgage payments, as well as for failure to maintain life insurance on himself and health insurance for the parties’ minor children. The court order directs the ex-husband to purge himself of this contempt by complying with his court-ordered obligations “or he shall be incarcerated for a period of ten (10) days.” Plainly, this is an order of potential criminal contempt, not a monetary judgment; at no time did the plaintiff ever request the court to reduce the arrearages for alimony, child support, and mortgage payments to a monetary judgment. Compare Guarino v. Guarino, 431 So.2d 189 (Fla. 2d DCA), rev. dismissed, 441 So.2d 632 (Fla. 1983); Sutton v. Sutton, 382 So.2d 776 (Fla. 3d DCA 1980). Consequently, it was error for the trial court to treat this court order as a monetary judgment and to foreclose such order as a judgment lien against the defendant’s real property. 33 Fla.Jur.2d Judgments & Decrees § 407 (1994); 24 Fla.Jur.2d Executions § 5 (1981).
2. The second and third recorded court orders sought to be foreclosed were entered in the same post-judgment marital dissolution proceeding. The second order adopts a general master’s report — which report recommends that the ex-husband be required to abide by the terms of the property settlement agreement as well as an agreement entered into by the parties before the master, “or be found in contempt of [c]ourt with proper legal penalties.” The third order modifies the final judgment of marriage dissolution by approving an amendment to the property settlement agreement relating to the sale of the marital home and the disposition of the sale proceeds. Neither of these recorded orders are final monetary judgments for which execution may issue, and, consequently, it was error for the trial court to foreclose these orders as judgment liens against the defendant’s real property. See Shakarian v. Daum, 561 So.2d 1222, 1223 (Fla. 2d DCA 1990); see also McGurn v. Scott, 596 So.2d 1042 (Fla.1992); Del Castillo v. Ralor Pharmacy, Inc., 512 So.2d 315 (Fla. 3d DCA 1987).
We have not overlooked the plaintiffs contrary arguments, but find them to be unpersuasive. The partial final judgments under review are reversed, and the cause is remanded to the trial court with directions to dismiss the foreclosure action below.
Reversed and remanded.