683 So.2d 654 (1996)
Charles FULLER, Appellant/Cross-Appellee,
v.
PALM AUTO PLAZA, INC. d/b/a Palm Beach Toyota, West Palm Auto Mall and World Omni Financial Corp., Appellees/Cross-Appellants,
No. 95-2174.
District Court of Appeal of Florida, Fourth District.
December 4, 1996.
*655 Raymond G. Ingalsbe of Raymond G. Ingalsbe, P.A., Palm Beach Gardens, and Gregory J. Shibley, North Palm Beach, for appellant/cross-appellee.
Douglas E. Thompson, West Palm Beach, for Appellee/Cross-Appellant-Palm Auto Plaza, Inc.
Mitchel Chusid of Ritter & Chusid, Boca Raton, for Appellee/Cross-Appellant-World Omni Financial Corp.
GUNTHER, Chief Judge.
We affirm in all respects, except we reverse the trial court's order granting Charles Fuller's (Fuller) motion for a new trial on his Consumer Leasing Act count.
At trial, an issue presented to the jury was whether the total contractual obligation of Fuller exceeded $25,000 as the transaction would be exempted under the Consumer Leasing Act if it exceeded $25,000. It was Fuller's position that this issue should be decided by the jury. Indeed, the instruction submitted to the jury on this issue was prepared by Fuller. After the jury found in favor of Palm Auto Plaza, Inc. (Palm) and World Omni Financial Corp. (World) on this issue, Fuller moved for a new trial, which the trial court granted.
In seeking a new trial, Fuller argued that the claim of violation of the Consumer Leasing Act was a question of law for the court and should not have been submitted to the jury because it was not a question of fact.
It is well settled that under the invited error rule "a party cannot successfully complain about an error for which he or she is responsible or of rulings that he or she has invited the trial court to make." Gupton v. Village Key & Saw Shop, 656 So.2d 475, 478 (Fla.1995)(citing Held v. Held, 617 So.2d 358, 359-60 (Fla. 4th DCA 1993)). In Held, 617 So.2d at 359-60, the husband argued that the trial court lacked the authority to award the wife child support "in advance" by sequestering his share of the equity in the marital home. Id. We found that this position was inconsistent with the position the husband took at trial, where his attorney suggested that very option to the court. Id. at 360. Thus, we stated, "A party cannot claim as error on appeal that which he invited or introduced below. That is, he cannot take an inconsistent position on appeal." Id.
Therefore, in the instant case, we conclude that pursuant to the invited error rule, the trial court erred in granting Fuller's motion for a new trial. In seeking to have the jury decide the issue at the trial level, Fuller cannot now successfully claim that it was error to submit the issue to the jury. See Gupton, 656 So.2d at 478. Accordingly, we reverse the order granting a new trial and remand to the trial court to reinstate the jury verdict in favor of Palm and World.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
PARIENTE, J., and MAY, MELANIE G., Associate Judge, concur.
Note: GUNTHER, C.J., did not participate in oral argument, but has reviewed the presentation made at that proceeding.