PER CURIAM.
Roland Rochette challenges the order of the trial court directing that execution shall issue against him for the amount of $60,000. Mr. Rochette argues that execution may not issue in the absence of an underlying monetary judgment. We agree.
In March of 1997, the trial court entered a supplemental final judgment of dissolution of marriage in which it stated that it would, at a later date, hear argument regarding its in *237 tent to require Mr. Rochette to liquidate sufficient assets to prepay his child support obligation for the remaining seven years of his federal prison sentence. Following the hearing, the trial court entered an order requiring Mr. Rochette to post with the clerk of court a surety and/or fidelity bond for $60,000 to ensure the payment of future child support. The order further stated that if Mr. Rochette did not post the bond within thirty days of the date of the order, the trial court would, without further notice, issue execution against the husband for $60,000 in accordance with section 61.18(3), Florida Statutes. Mr. Rochette did not post the bond, and upon motion of the former wife, Deborah Rochette, the trial court rendered an order which, among other things, directed that execution issue in accordance with the provisions of the prior order. Mr. Rochette filed a petition for prohibition, or, in the alternative, a petition for writ of certiorari challenging that portion of the order directing execution. This court treated the petition as an appeal from a non-final order pursuant to Florida Rule of Appellate Procedure 9.130(a)(4) and stayed execution pending the outcome of the appeal.
Section 61.18 covers situations where there was a breach of a condition of a bond posted to ensure the payment of child support or alimony. It does not apply where no bond was posted. Therefore, the trial court was not authorized, pursuant to section 61.18(3), to order that execution issue for the amount of the unposted bond. Furthermore, the trial court could not authorize execution against Mr. Rochette’s personal or real property without Ms. Rochette first obtaining a judgment against him. See Houstoun v. Houstoun, 645 So.2d 1113 (Fla. 3d DCA 1994). In this case, because Mr. Rochette is already incarcerated, the institution of contempt proceedings against him for failure to post the bond may be futile. The trial court may, however, upon proper application, consider sequestering Mr. Rochette’s assets, or any real property owned by him, in order to secure his future child support obligations. See Held v. Held, 617 So.2d 358 (Fla. 4th DCA 1993)(sequestering former husband’s share of equity in marital home to ensure payment of future child support not abuse of discretion); Gill v. Gill, 504 So.2d 67 (Fla. 2d DCA 1987)(no abuse of discretion to sequester former husband’s assets to ensure future payment of alimony, child support and medical insurance for the minor child).
Accordingly, we reverse that portion of the trial court’s order which directs that execution shall issue in the amount of $60,000.
PATTERSON, A.C.J., NORTHCUTT, J., and DANAHY, PAUL W., Senior Judge, Concur.