723 So.2d 925 (1999)
Rainford COLE and Linda Turner, Appellants,
v.
Regina COLE, Appellee.
No. 97-2696.
District Court of Appeal of Florida, Third District.
January 13, 1999.
*926 Stanley J. Bartel, Miami; Sheldon E. Evans, for appellant.
James C. Blecke, Miami, for appellee.
Before COPE, GREEN, and SORONDO, JJ.
GREEN, J.
Rainford Cole, the former husband, and Linda Turner, an intervenor, appeal the equitable distribution contained in the final dissolution judgment as well as the order denying their post-judgment motions. We affirm in part and reverse in part.
The former husband and the appellee, Regina Cole, the former wife, were married on August 8, 1983. Four children were born during the course of their relationship. While still married, the former husband began a romantic liaison with the appellant/intervenor, Linda Turner, with whom he fathered five additional children. During a period of separation from the former wife, the former husband purchased a home solely in his name which was occupied by Linda Turner, their children and Ms. Turner's relatives. The former husband, a Jamaican national, never occupied this home with Linda Turner as he was and remains incarcerated in federal prison on various violations of immigration laws. He currently awaits deportation proceedings.
On April 1, 1996, the former wife filed a petition for dissolution of the marriage. During the course of these proceedings, the home purchased by the former husband was sold. The net profit resulting from the sale amounted to $31,020.45, which has been continuously held in a money market account maintained by counsel for both parties. The distribution of these proceeds was the central issue in the dissolution trial below since the trial court determined that they were the sole marital asset[1] and the parties otherwise had no marital debt. Linda Turner intervened in the proceeding to assert her equitable claim to fifty percent (50%) of the proceeds based upon her assertion that she had financially assisted the former husband with the purchase and/or maintenance of this home.
After the trial of this cause, the trial court entered its final judgment of dissolution of marriage wherein it determined, among other things, that Linda Turner had produced no credible evidence proving that she was entitled to any equitable interest in the home or its sale proceeds. As a result, the court awarded a 50/50 split of the sale proceeds to the former wife and former husband as equitable distribution of a marital asset. As to the former husband's share, however, the court awarded his private counsel $3500 as attorney's fees[2] and ordered that the remaining amount, approximately $12,000, be held in trust by a financial institution as future child support for his children with the former wife. The funds are to be dispersed at a rate of $409 monthly, in accordance with the state's child support guidelines.
After entry of the final judgment, Linda Turner filed a motion for rehearing based upon the trial court's determination that she *927 had no equitable interest in the proceeds; she also moved the court to expand the trust to include her five children with the former husband as additional beneficiaries for child support. The former husband also filed a motion for rehearing wherein he complained that the court's equitable distribution award left him with no available marital assets contrary to sections 61.30(11)(h), (j), Florida Statutes (1995), and that the child support trust made no provisions for his five children with Linda Turner. The trial court denied all of these motions and this appeal followed.
We first find no merit to the argument that the lower court erred in rejecting Linda Turner's claim to one half interest in the home or its sale proceeds. It was completely within the province of the trial court, as the trier of fact, to assess Ms. Turner's credibility and to weigh the evidence in support of her claim. See Ross, 566 So.2d at 56 ("No citation is needed for the time honored legal principle that the trier of fact[,]" in this case, the trial judge, "is in the best position to weigh the evidence and determine the credibility of the witnesses."). We could only reverse by reweighing her credibility and evidencewhich an appellate court is not permitted to do.[3]See Froman v. Froman, 458 So.2d 833, 833 (Fla. 3d DCA 1984) (citing Shaw v. Shaw, 334 So.2d 13, 16 (Fla.1976)); see also Espino v. Anez, 665 So.2d 1080, 1082 (Fla. 3d DCA 1995); Patria Publications, Inc. v. Armesto, 593 So.2d 574, 575 (Fla. 3d DCA 1992); Citibank, N.A. v. Julien J. Studley, Inc., 580 So.2d 784, 785-86 (Fla. 3d DCA 1991).
We likewise find no merit to the contention that the trial court abused its discretion in sequestering all of the former husband's share of the marital assets in a trust fund for future child support, given the former husband's current incarceration and precarious immigration status in this country. See § 61.14(1)(c), Fla. Stat. (1995); Held, 617 So.2d at 360; Gill v. Gill, 504 So.2d 67, 67 (Fla. 2d DCA 1987). However, given the uncertainty concerning whether the former husband will be allowed to remain in this country to support any of his children, we do find merit to the additional argument that the trial court abused its discretion in not allowing the former husband's children with Linda Turner to be beneficiaries of the trust fund as well. First of all, under Florida law, the rights of children born out of wedlock to receive child support must be considered on an equal basis with the rights of children born within wedlock. See Reichle v. Leff, 494 So.2d 537, 538 (Fla. 4th DCA 1986); Rogers v. Runnels, 448 So.2d 530, 531 (Fla. 5th DCA 1984); Coleman v. Mackey, 424 So.2d 170, 171 (Fla. 3d DCA 1983) (citing State Dep't of HRS v. West, 378 So.2d 1220 (Fla.1979)); Shinall v. Pergeorelis, 325 So.2d 431, 435 (Fla. 1st DCA 1975). Second, the provisions of section 61.30(1)(a), Florida Statutes (1995),[4] are broad enough to allow the trial court to deviate from the support guidelines, based upon considerations such as support obligations from other marriages or relationships. See Short v. Short, 577 So.2d 723, 723 (Fla. 2d DCA 1991); see generally Coleman, 424 So.2d at 171. Where as here, there exists a substantial future likelihood that the father will not be present in this country to provide support for any of his children, we conclude that the trial court abused its discretion in failing to make any child support provisions for Linda Turner's children in the trust. Accordingly, we remand for the lower court to include Ms. Turner's children as beneficiaries of the trust and to reassess the monthly child support payments accordingly.
*928 In all other respects, the judgment is affirmed.
Affirmed in part and reversed in part.
NOTES
[1] On this appeal, the former husband attempts to challenge the lower court's treatment of the proceeds from the home as a marital asset in light of the fact that the home was purchased independently of his former wife and while they were separated. See Heslop v. Moore, 716 So.2d 276, 278 (Fla. 3d DCA 1998); Ross v. Bandi, 566 So.2d 55, 56 (Fla. 4th DCA 1990); Sheffield v. Sheffield, 522 So.2d 986, 986 (Fla. 1st DCA 1988); Temple v. Temple, 519 So.2d 1054, 1055 (Fla. 4th DCA 1988). Given the former husband's concession below, however, that the home and its proceeds was a marital asset, subject only to Linda Turner's equitable interest, he is precluded from advancing this inconsistent argument on appeal. See Campbell v. Kauffman Milling Co., 42 Fla. 328, 29 So. 435, 439 (1900); Fuller v. Palm Auto Plaza, Inc., 683 So.2d 654, 655 (Fla. 4th DCA 1996); Held v. Held, 617 So.2d 358, 359-60 (Fla. 4th DCA 1993); Spain v. State, 475 So.2d 944, 946 (Fla. 4th DCA 1985).
[2] The former wife incurred no attorney's fees as she was indigent and represented in the proceeding below by legal aid counsel. Her counsel is representing her pro bono on this appeal.
[3] Since we affirm the trial court's determination that Linda Turner provided no consideration for the purchase of the home, it is wholly unnecessary for us to consider her alternative argument that her interest in the home or its sale proceeds derives from a resulting trust in her favor. See Towerhouse Condominium, Inc. v. Millman, 475 So.2d 674, 677 (Fla.1985) ("As a matter of law, where property is acquired in the name of one person or entity with consideration provided by others, the transferee is presumed to hold title on a resulting trust for those who provided the consideration."); Maliski v. Maliski, 664 So.2d 341, 342-43 (Fla. 5th DCA 1995); Abreu v. Amaro, 534 So.2d 771, 772 (Fla. 3d DCA 1988).
[4] In relevant part, that statute states that: "The trier of fact may order payment of child support in an amount which varies more than 5 percent from such guideline amount only upon a written finding, or a specific finding on the record, explaining why ordering payment of such guideline amount would be unjust or inappropriate." § 61.30 Fla. Stat.