# Third District Court of Appeal

## State of Florida

Opinion filed February 26, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1731
Lower Tribunal No. 19-20451
_____

**Citizens Property Insurance Corporation,**
Appellant,

vs.

**Mayra Avila,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

Dean, Ringers, Morgan & Lawton, P.A. and Jessica C. Conner (Orlando), for appellant.

Kula & Associates, P.A., William D. Mueller, and Elliot B. Kula, for appellee.

Before EMAS, LINDSEY, and MILLER, JJ.

PER CURIAM.

Affirmed.  See Marriott Int'l, Inc. v. Perez-Melendez, 855 So. 2d 624, 628 (Fla. 5th DCA 2003) ("[A] motion for directed verdict should be granted only where no view of the evidence, or inferences made therefrom, could support a verdict for the nonmoving party and the trial court determines that no reasonable jury could render a verdict for that party."); Kogan v. Israel, 211 So. 3d 101, 106 (Fla. 4th DCA 2017) ("A [judgment notwithstanding the verdict] is appropriate only in situations where there is no evidence upon which a jury could rely in finding for the non-movant.  A jury verdict must be sustained if it is supported by competent substantial evidence.") (quoting Hancock v. Schorr, 941 So. 2d 409, 412 (Fla. 4th DCA 2006)); Graham Cos. v. Amado, 305 So. 3d 572, 577 (Fla. 3d DCA 2020) ("If a review of the record establishes that conflicting evidence was presented at trial, an appellate court cannot conclude that a trial court abused its discretion in denying the motion."); City of Gainesville v. Rodgers, 377 So. 3d 626, 631 (Fla. 1st DCA 2023) ("A jury's verdict is generally not against the manifest weight of the evidence if the record shows conflicting testimony from two or more witnesses.") (quoting Bachman v. Oliveros, 293 So. 3d 555, 560 (Fla. 5th DCA 2020)); Zwinge v. Hettinger, 530 So. 2d 318, 324 (Fla. 2d DCA 1988) ("A jury has the power to accept or reject the testimony of expert witnesses and are not bound by their conclusions."); Monzón v. R.J. Reynolds Tobacco

2

Co., 388 So. 3d 930, 931 (Fla. 3d DCA 2024) ("[A] trial court's decision on jury instructions is reviewed for abuse of discretion and should not be overturned on appeal absent a showing of prejudicial error.") (quoting Int'l Sec. Mgmt. Grp., Inc. v. Rolland, 271 So. 3d 33, 44 (Fla. 3d DCA 2018)) (internal quotation marks omitted); Fuller v. Palm Auto Plaza, Inc., 683 So. 2d 654, 655 (Fla. 4th DCA 1996) ("[U]nder the invited error rule 'a party cannot successfully complain about an error for which he or she is responsible or of rulings that he or she has invited the trial court to make.'") (quoting Gupton v. Vill. Key & Saw Shop, 656 So. 2d 475, 478 (Fla. 1995)).