717 So.2d 1120 (1998)
James CODY and Debbie Cody, Petitioners,
v.
COLONIAL IMAGING PRODUCTS & SERVICE, et al., Respondents.
No. 98-1221.
District Court of Appeal of Florida, Fifth District.
October 2, 1998.
*1121 David B. Falstad and Richard E. Dunegan of Gurney & Handley, P.A., Orlando, for Petitioners.
Marc P. Ossinsky, Winter Park, for Respondent Colonial Imaging Products & Service.
Keith A. Graham of Marchena & Graham, P.A., Orlando, for Respondent Fatima Calkins.
DAUKSCH, Judge.
Petitioners, James Cody and Debbie Cody (hereinafter "Cody"), seek certiorari review of orders awarding attorney fees in favor of respondents and staying litigation until the attorney fees are paid. The underlying action involves respondent corporation, Colonial Imaging Products and Service ("Colonial"), and its officers, Cody and respondents Fatima Calkins and David Calkins ("Calkins"), who are deadlocked in the management of the corporation's affairs.
Cody filed a complaint against Colonial and Calkins for dissolution of corporation and appointment of a receiver. Calkins served an answer and counterclaim against Cody for breach of fiduciary duty. Cody voluntarily dismissed the complaint for dissolution of corporation, and served an answer and "counterclaim" to Calkins' counterclaim. Calkins and Colonial moved for attorney fees and costs. After a hearing, the court determined that Colonial and Calkins were entitled to attorneys fees for defending the first action brought by Cody, which was later voluntarily dismissed. The court found that Cody's subsequent "counterclaim" to the Calkins' counterclaim was improper and unauthorized under the civil rules of procedure. The court also found that Cody's "counterclaim" was based on the same claims raised by the initial complaint because it attempted to establish Cody's majority interest in Colonial and alleged that Calkins had breached their fiduciary duty and attempted to destroy Colonial. The court ordered Cody to pay Calkins the amount of $6,869 for attorney fees and $755.30 for costs, for a total of $7,624.30. The court ordered Cody to pay Colonial the amount of $1,962.37 for attorney fees. The court further ordered that Cody's counterclaim and pending motions would be stayed until Cody complied with the terms of the order and made payment.
Section 607.1431(4), Florida Statutes (1997) reads as follows:
If the court determines that any party has commenced, continued, or participated in an action under 607.1430 (seeking judicial dissolution of a corporation) and has acted arbitrarily, frivolously, vexatiously, or not in good faith, the court may in its discretion award attorney's fees and other reasonable expenses to the other parties to the action who have been affected adversely by such actions. (parenthetical added)
The court in awarding attorney's fees did not find that Cody acted arbitrarily, frivolously, vexatiously, or in bad faith. Nor did any party allege that there was a contractual provision for the recovery of attorney's fees. There was no other cited statutory basis for the award of attorney's fees other than section 607.1431(4), Florida Statutes, and the court did not make the requisite findings under that statute to support the award.
*1122 Florida Rule of Civil Procedure 1.420(d) provides for costs to be assessed for the dismissal of a civil action. It further provides that if a party who has dismissed a claim commences an action based upon the same claim against the same adverse party, the court shall make an order for the payment of costs of the claim previously dismissed and shall stay the proceedings until the party has complied with the order. Rule 1.420(d), though, only provides for costs, not attorney fees. See O.A.G. Corp. v. Britamco Underwriters, Inc., 707 So.2d 785 (Fla. 3d DCA 1998).
The trial court departed from the essential requirements of law in awarding attorney's fees. The court likewise erred by staying Cody's proceedings. Even if attorney fees had been recoverable under section 607.1431(4), the statute does not authorize a stay of litigation pending payment. Certiorari relief is appropriate in this case because of the erroneous stay. We therefore grant the petition for certiorari and quash the orders awarding attorney fees.
PETITION GRANTED; ORDERS QUASHED.
GOSHORN and HARRIS, JJ., concur.