771 So.2d 1227 (2000)
The NORTH AMERICAN ISLAMIC TRUST, INC., Appellant,
v.
The MUSLIM CENTER OF MIAMI, INC., Appellee.
No. 3D00-112.
District Court of Appeal of Florida, Third District.
November 1, 2000.
Rehearing Denied December 13, 2000.
*1228 Ronald C. Pathman, Miami, for appellant.
Johnson Tomlin & Johnson and Michael Tomlin, Miami, for appellee.
Before SCHWARTZ, C.J., and SHEVIN and RAMIREZ, JJ.
SHEVIN, Judge.
The North American Islamic Trust, Inc. [NAIT], appeals from a final judgment in favor of The Muslim Center of Miami, Inc. [MCM], following a non-jury trial. We affirm.
NAIT, a not-for-profit Indiana corporation, holds title to properties for the use of its member Muslim organizations. MCM, a not-for-profit Florida corporation, is a local Muslim organization. The action between the parties arose as a result of MCM's efforts to purchase property on which it intends to build a mosque. Because MCM did not have sufficient funds to close on the property, it applied for a loan from NAIT. In a letter requesting the loan, MCM agreed to transfer $50,000 to NAIT and to title the property in NAIT's name. MCM executed a promissory note in favor of NAIT. The note evidenced a $170,000 loan to MCM towards the purchase of the property. MCM supplied the balance of the $640,000 purchase price. The property was purchased and, as agreed, titled in NAIT's name.
Following NAIT's declaration that it would not transfer title to MCM upon repayment of the loan, MCM filed this action seeking imposition of a constructive or resulting trust. The trial court imposed a constructive or resulting trust in favor of MCM following the non-jury trial.
Apparently, the court based its decision on the testimony that MCM titled the property in NAIT's name as collateral for NAIT's loan to MCM to facilitate the closing on the property.[1] In so doing, the trial court rejected NAIT's contention that MCM titled the property in NAIT's name with the intent that the property be held in trust for the Muslim community. Contrary to NAIT's assertion, the record contains clear and convincing evidence that MCM intended that NAIT hold the property as collateral or security for the loan, and that MCM did not intend to title the property in NAIT's name in order to establish a charitable trust. Although NAIT offered testimony disputing MCM's position, it is apodictic that the trier of fact must resolve disputes in the evidence. Thus, it was within the judge's province to reject evidence that the parties intended that NAIT hold the property in trust for the Muslim community.[2] Here, the trial judge sitting as the trier of fact weighed the witnesses' credibility and resolved the disputed issues in favor of MCM. The facts present a case of a resulting trust where "one party pays the consideration for purchase of realty, but title is taken in the name of another." State, Dept. of Revenue v. Zuckerman-Vernon Corp., 354 So.2d 353, 356 (Fla.1977); Wadlington v. Edwards, 92 So.2d 629, 631 (Fla.1957); Socarras v. Yaque, 452 So.2d 992, 994 (Fla. 3d DCA 1984), review denied, 461 So.2d 116 (Fla.1985). Cf. Meskell v. Meskell, 355 Mass. 148, 243 N.E.2d 804 (1969)(citing *1229 Restatement (Second) Trusts § 411, cmt. o, court distinguishes between scenarios where resulting trust arises when transfer of property is made to a person and purchase price is paid by another, and where no resulting trust arises from mere transfer of property, without payment of purchase price, despite oral promise to hold property in trust). Thus, the trial court properly determined that the parties intended that NAIT hold the property in trust for MCM until the loan was repaid. See Caruthers v. Williams, 21 Fla. 485 (1885). "Findings of fact by a judge in a nonjury case will be affirmed where there is competent and substantial evidence to support those findings." Abreu v. Amaro, 534 So.2d 771, 772 (Fla. 3d DCA 1988)(although party presented ample evidence to support imposition of resulting or constructive trust, evidence was equally sufficient to support court's finding that a gift was intended). See Maliski v. Maliski, 664 So.2d 341 (Fla. 5th DCA 1995).
Accordingly, we conclude there is no basis to overturn the trial judge's decision that NAIT must transfer the property to MCM upon fulfillment of its financial obligation to NAIT. Accordingly, we affirm the judgment.
Affirmed.
NOTES
[1] The record also contains evidence that the officers who permitted the title to be put in NAIT's name acted without proper authorization of MCM's board of trustees.
[2] NAIT presented evidence that it holds property in trust for many Muslim organizations as "protector" of the property. It contends that it is in a better position than MCM to ensure that the land will be used for the benefit of the Muslim community. We decline to engage in any such inquiry. See Kumbhojkar v. University of Miami, 727 So.2d 275, 278 (Fla. 3d DCA), (and cases cited), review denied, 735 So.2d 1285 (Fla.1999). See generally Doe I v. Malicki, 771 So.2d 545 (Fla. 3d DCA 2000)(Schwartz, C.J., dissenting).