804 So.2d 622 (2002)
Gilda ROSENBERG, Appellant,
v.
Ileana MORALES, Appellee.
No. 3D00-2021.
District Court of Appeal of Florida, Third District.
February 6, 2002.
*623 Timothy H. Crutchfield, Miami, for appellant.
Carroll & Associates, and Linda Carroll; and Jose M. Companioni, Miami, for appellee.
Before GREEN, SHEVIN, and RAMIREZ, JJ.

ON MOTION FOR REHEARING DENIED
RAMIREZ, J.
We deny rehearing, but withdraw our opinion of November 21, 2001, and substitute the following opinion to clarify our denial of attorney's fees discussed in Part II.
Gilda Rosenberg, defendant below, appeals an order adopting the recommendation of the special master regarding the valuation of Ileana Morales' shares in Gilly Vending, Inc. Because Rosenberg did not consent to the referral to the special master, we reverse.

I.
Morales filed a Petition of Dissolution of Gilly Vending, Inc., a corporation in which she and Rosenberg owned equal shares. Rosenberg then filed a Notice of Election to Purchase Shares. After the parties failed to reach agreement on the value of Morales' shares, it became the trial court's duty to value those shares. Instead, the court referred the evidentiary hearings concerning valuation to the special master it had previously appointed to deal with discovery disputes. Although Rosenberg's counsel had previously consented to the special master overseeing discovery, he objected to the special master determining the value of Morales' shares.
Florida Rule of Civil Procedure 1.490(c) is very clear that the trial court cannot refer matters to a special master without the consent of both parties. See Hulett Env. Serv., Inc. v. Advantage Pest Related Serv., Inc., 778 So.2d 478 (Fla. 4th DCA 2001); Meenan v. Newman, 662 So.2d 1320 (Fla. 3d DCA 1995). The record here shows that Rosenberg's counsel objected repeatedly to the special master conducting the hearing on valuation. Even the Recommendation of Special Master states that "[t]his referral was done over the objection of the Defendants."
We therefore reverse with instructions that Rosenberg be afforded her day in court.

II.
Rosenberg has moved for sanctions pursuant to section 57.105, Florida Statutes (2000). However, the referral to the special master was made on June 10, 1999. The effective date of the revision to section 57.105 is October 1, 1999. Thus, any sanctions *624 would have to be assessed under the old statute, which required a finding that the lawsuit was frivolous "from its inception." Davis v. Christmas, 705 So.2d 38 (Fla. 3d DCA 1997). Under no circumstances would such a finding be warranted in this case. See also Vasquez v. Provincial South, Inc., 795 So.2d 216, 218 (Fla. 4th DCA 2001) (stating that "the principal expansion of section 57.105 refocused the time for measurement of frivolity from merely the inception of the action, to the entire pendency of the case."). We therefore deny any sanctions under section 57.105.
Reversed and remanded for further proceedings consistent with this opinion.