844 So.2d 648 (2003)
Lisette Arellano BISSON, Randolph J. Bisson, Fulvia A. Morris, and Fulvia A. Morris, P.A., Appellants,
v.
Jorge ARELLANO and Ana Laura Arellano, Appellees.
No. 3D01-2085.
District Court of Appeal of Florida, Third District.
February 5, 2003.
Rehearing, Rehearing and Clarification Denied May 14, 2003.
*649 Fulvia A. Morris, Coral Gables, for appellants.
Gary Pollack, Coral Gables; Linda L. Carroll, Miami, for appellees.
Before JORGENSON, GERSTEN and SHEVIN, JJ.
Rehearing, Rehearing En Banc and Clarification Denied May 14, 2003.

On Motion For Rehearing
SHEVIN, Judge.
We treat appellants' motion for rehearing en banc as a motion for rehearing, grant the motion and substitute the following opinion for that of August 28, 2002.
We affirm the final judgment awarding attorney's fees under section 57.105, Florida Statutes (1995), insofar as it awards fees to be paid to defendants by the plaintiffs pursuant to this court's holding in Arellano v. Bisson, 761 So.2d 365 (Fla. 3d DCA 2000). However, we reverse the fee award ordering plaintiffs' attorney to pay fees as this attorney did not file the initial complaint in this action. See Rosenberg v. Morales, 804 So.2d 622 (Fla. 3d DCA 2002); H.J.J., Inc. v. Party Prods., II, Inc., 738 So.2d 515 (Fla. 3d DCA 1999).
It is undisputed that this case is controlled by the 1995 version of section 57.105, that stated:
The court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the complaint [.]

(Emphasis added). Courts interpreted this language as requiring the court to make "a finding that the lawsuit was frivolous `from its inception,'" before a fee award can be imposed against counsel. Rosenberg, 804 So.2d at 623-24.
In 1999, chapter 99-225, section 4, at 1406, Laws of Florida, amended section 57.105 to provide that
the court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:

(a) Was not supported by the material facts necessary to establish the claim or defense; or *650 (b) Would not be supported by the application of then-existing law to those material facts.
(Emphasis added). There is no question that fees could be assessed against the attorney under the 1999 revision of section 57.105. "[T]he principal expansion of section 57.105 refocused the time for measurement of frivolity from merely the inception of the action, to the pendency of the case." Vasquez v. Provincial South, Inc., 795 So.2d 216, 218 (Fla. 4th DCA 2001).
However, "[t]he effective date of the revision to section 57.105 is October 1, 1999. Thus, any sanction would have to be assessed under the [1995] statute, which required a finding that the lawsuit was frivolous `from its inception.'" Rosenberg, 804 So.2d at 623-24. In this case, there has been no determination that the initial complaint was frivolous.
Moreover, there was no basis for staying execution of the judgment, compare Davar Corp. v. Tropic Land Improvement Corp., 330 So.2d 482 (Fla. 4th DCA 1976)(error not to stay judgment for plaintiff when defendant's counterclaim remains pending), and interest was properly awarded as of the date of the judgment triggering the defendants' entitlement to fees. Quality Engineered Installation, Inc. v. Higley South, Inc., 670 So.2d 929 (Fla.1996).
Affirmed in part; reversed in part.