FLETCHER, Judge.
Ileana Morales [Morales] seeks to reverse the trial court’s final judgment awarding both trial and appellate level attorney’s fees and costs to Gilda Rosenberg [Rosenberg]. We reverse the trial court’s order awarding Rosenberg attorney’s fees, but only as to the trial level costs and fees. We affirm the trial court’s order as it applies to the determination and award of appellate costs and fees dating from the lower court’s Final Judgment rendered on June 10,1999.
The parties have been before this court several times. A recap of the facts is necessary, however, to enlighten the following opinion. In 1998, Morales filed a Petition of Dissolution of Gilly Vending, Inc., a corporation in which she and Rosenberg owned equal shares. Rosenberg filed a Notice of Election to Purchase Shares. After the parties failed to reach an agreement on the value of Morales’ shares, it became the trial court’s duty to value those shares. Instead, the court referred the evidentiary hearings concerning valuation to the special master it had appointed to deal with discovery disputes. Although Rosenberg’s counsel had previously consented to the special master overseeing discovery, he objected to the special master determining the value of Morales’ shares. The hearings took place, and a final judgment determining fair value of Gilly Vending was rendered on June 10, 1999, over Rosenberg’s continued objections. Prior to entry of judgment, Rosenberg’s counsel made an ore tenus request for attorneys fees pursuant to 57.105, Florida Statutes, which the trial court denied.
Rosenberg appealed, requesting trial fees and fees paid to the special master, pursuant to section 57.105, and appellate level fees pursuant to Florida Rules of Appellate Procedure 9.410. The District Court of Appeal affirmed denial of Rosen *1239 berg’s ore terms motion for sanctions under section 57.105 but reversed the final judgment, concluding that the trial court had erred as a matter of law when it referred the valuation matter to the special master without Rosenberg’s consent. Rosenberg v. Morales, 804 So.2d 622 (Fla. 3d DCA 2002)(Case No. 00-2021). By separate order the district court granted Rosenberg’s motion for fees and costs and remanded to the trial court to fix the amount [Order I, February 6, 2002],
After the mandate issued, Morales sought to maintain the supersedeas bond. Rosenberg opposed the motion, and the trial court ultimately ordered the bond released, but stayed the order pending appellate review. Morales appealed and moved to extend the stay. Rosenberg opposed the motion, and included a request to assess sanctions against Morales pursuant to section 57.105, Florida Statutes, and Fla. R.App. P. 9.410. This court denied the motion to extend the stay, and Morales voluntarily dismissed the appeal. Morales v. Rosenberg, 825 So.2d 397 (Fla. 3d DCA 2002)(Table). This court then ordered Morales to respond to Rosenberg’s motion to assess 57.105 fees and sanctions. Morales responded, and Rosenberg replied with an amended request to assess sanctions jointly and severally against Morales and her counsel pursuant to Florida Rule of Appellate Procedure 9.410 solely, and not pursuant to section 57.105, Florida Statutes.[1] This court granted the amended motion to assess fees and sanctions [Order II, August 28, 2002].
The record facts leading up to the district court’s issuance of Orders I and II reveals that section 57.105 sanctions were not available [Order I] and that the request for section 57.105 sanctions was withdrawn [Order II], The only issue left for this court to consider was Rosenberg’s request for sanctions and fees pursuant to Florida Rule of Appellate Procedure 9.410. Although this court has broad authority under rule 9.410 to determine sanctions, the scope of its authority under that rule is limited solely to appellate matters. See Fla. R.App. P. 9.010.[2] The appellate court’s response to Rosenberg’s motions was in direct response to, and constrained by, the relief sought, which was assessment of costs and fees under rule 9.410, i.e., appellate costs and fees. Hence, this court in rendering Orders I and II granting Rosenberg’s motions for attorney’s fees and costs pursuant to rule 9.410 could not have been referring to trial level costs and fees, and the trial court was incorrect to so broadly apply the orders to include them.
We thus reverse the.|inal judgment only as to the award of Rosenberg’s trial level costs and fees dating from the erroneous June 10,1999 final judgment.
Affirmed in part, reversed in part; the appellee’s cross appeal is denied.

. Rosenberg withdrew her motion to assess sanctions under 57.105 because of changes in the notice requirement of that statute.

. Rule 9.010 defines the scope of the Florida Rules of Appellate Procedure, and states that "[T]hese rules ... shall govern all proceedings ... in the supreme court, the district courts of appeal, and the circuit courts in the exercise of the jurisdiction prescribed by rule 9.030(c)....”