919 So.2d 476 (2005)
Ileana MORALES, Appellant,
v.
Gilda ROSENBERG, Appellee.
No. 3D03-3292.
District Court of Appeal of Florida, Third District.
October 12, 2005.
Rehearing and Rehearing Denied February 9, 2006.
*477 Carroll Associates, P.A., and Linda L. Carroll, Miami, for appellant.
Timothy H. Crutchfield, Miami, for appellee.
Before GREEN, WELLS and SHEPHERD, JJ.
Rehearing and Rehearing En Banc Denied February 9, 2006.
SHEPHERD, J.
Appellant, Ileana Morales, appeals a final judgment valuing her fifty-percent interest *478 in a closely-held corporation, Gilly Vending, Inc., at $77,073.52. We have jurisdiction. Art. V, § 4(b)(1), Fla. Const.; Fla. R.App. P. 9.110.
This case is before us for the fourth time. By this opinion, we affirm the trial court's judgment in all respects except for its decision to award costs, where we find it necessary to remand the case for re-consideration for the reasons expressed below. At the same time, we remand for the purpose of adjusting the post-trial set-off for monetary sanctions entered by the trial court to comport with a decision and mandate issued on a separate appeal of that award by this court subsequent to the final judgment. A brief history of the procedural and factual background of this case is necessary to our decision.
In 1983, Gilda Rosenberg founded Gilly Vending. In 1987 or 1988, Rosenberg transferred fifty percent of Gilly Vending's shares to Morales. In 1998, Morales filed a petition for dissolution of Gilly Vending pursuant to section 607.1430(2) of the Florida Business Corporation Act (the Act). Rosenberg thereafter exercised her statutory right to make an irrevocable election to purchase Morales' shares pursuant to section 607.1436(1) of the Act.
Because the parties could not agree on a value for Morales' shares, the trial court, over Rosenberg's objection, referred the valuation proceeding to a special master for determination. In the first appearance of this case before this court (Appeal I), Rosenberg challenged the referral to the special master, and we reversed based upon the well-established principle that a trial court may not refer a matter to a special master absent consent of the parties. Rosenberg v. Morales, 804 So.2d 622, 623-24 (Fla. 3d DCA 2002). We also awarded appellate fees and costs to Rosenberg pursuant to Florida Rule of Appellate Procedure 9.410 on the ground that Morales forced Rosenberg to maintain a clearly meritless and unnecessary appeal. See Fla. R.App. P. 9.410. We remanded the matter to the trial court to determine the amount of the sanction.
The second appeal (Appeal II), which Morales voluntarily dismissed, involved an equally meritless effort by Morales to maintain the supersedeas bond posted to secure the first judgment in anticipation of a future award, despite the fact that the judgment secured had been reversed by this court. Morales v. Rosenberg, 825 So.2d 397 (Fla. 3d DCA 2002)(Table). After the dismissal of this appeal, we granted Rosenberg additional appellate fees as a sanction. On remand from these two sanction orders, the trial court, understandably confused by the procedural morass enveloping this relatively straightforward commercial litigation, entered an award of both trial level and appellate fees in the amount of $107,114.57. Morales properly prosecuted an appeal of the combined $107,114.57 award made by the trial court (Appeal III). We reversed the trial court's order to the extent that it awarded Rosenberg trial level costs and fees. Morales v. Rosenberg, 879 So.2d 1237 (Fla. 3d DCA 2004).
Prior to the issuance of our opinion, however, the trial court conducted the bench trial ordered in Appeal I and determined the fair value of Morales' shares to be $77,073.50. At the same time, the court set off an aliquot portion of the sanction award against the fair value award and ordered that Morales' shares be transferred in exchange for a partial satisfaction of the sanction award from Rosenberg. Disappointed by what she views as a skimpy valuation of her shares, Morales now appeals that decision (Appeal IV). She also challenges the trial court's decision not to award her statutory interest and costs.
*479 With respect to the valuation award, the trial court heard conflicting evidence. Both parties offered their own testimony supporting the value of the corporation and the fifty-percent interest Rosenberg purchased. The trial court also heard testimony from qualified experts retained by the parties. After hearing all of the evidence, the trial court chose to credit Rosenberg's expert. We conclude that there was substantial competent evidence to support the valuation conclusion reached by the trial court, and accordingly affirm the valuation award. North Am. Islamic Trust, Inc. v. Muslim Ctr. of Miami, Inc., 771 So.2d 1227, 1229 (Fla. 3d DCA 2000)(a judge's finding of fact in a nonjury case will be affirmed where there is competent and substantial evidence to support those findings). We reject Morales efforts to have us re-weigh that evidence and the credibility of the trial witnesses on appeal. G & G Fashion Design, Inc. v. Garcia, 870 So.2d 870, 873 (Fla. 3d DCA 2004)(affirming a valuation pursuant to section 607.1436 and stating that fact-finder's determination as to value of business, if within the range of testimony presented, will not be disturbed on appeal where valuation of business rested primarily on credibility of witnesses).
We also affirm the trial court's decision not to award Morales prejudgment interest on her Gilly Vending shares pursuant to section 607.1436(5) of the Florida Statutes. Section 607.1436(5) provides that "Interest may be allowed at the rate and from the date determined by the court to be equitable; however, if the court finds that the refusal of the petitioning shareholder to accept an offer of payment was arbitrary or otherwise not in good faith, no interest shall be allowed." (Emphasis added.) In this case, the trial court expressly found:
[T]hat Morales arbitrarily refused to accept reasonable offers of payment from Rosenberg for her shares, and that Morales' refusal to accept the offers was not in good faith. The Court further finds that this litigation was substantially delayed by Morales' unsupportable position that this matter could be tried by special master without Rosenberg's consent. This Court finds that it would be inequitable to require Rosenberg to pay prejudgment interest where Morales arbitrarily refused to accept an offer of payment for her shares where Morales' refusal to accept the offer of payment was in bad faith and where this case was substantially delayed by unsupportable legal positions taken by Morales and her counsel.
Our review of the record supports the trial court's findings. The record specifically reflects that Rosenberg offered to purchase Morales' shares early in this dispute by paying $50,000, or to have the full value of her shares immediately determined by a mutually-agreed-upon expert. Morales responded by demanding that Rosenberg pay her $300,000, and Morales further sought to extort this payment through threats of publicly disclosing alleged "embarrassing" and "potentially criminal" evidence. Considering that the trial court's final evaluation of Morales' half interest in Gilly Vending was remarkably close to Rosenberg's initial offer and Morales' reprehensible negotiating tactics, we are most comfortable affirming the trial court's decision not to award Morales prejudgment interest. The trial court's decision is also supportable on the alternate ground articulated by the trial court that Morales unduly delayed the resolution of the case. See School Bd. of Broward County, Fla. v. Trane Co., 840 So.2d 1095, 1097 (Fla. 4th DCA 2003)(applying abuse of discretion standard to imposition of award of prejudgment interest); Volkswagen *480 of America, Inc. v. Smith, 690 So.2d 1328, 1331 (Fla. 1st DCA 1997)(recognizing that it is proper to reduce or even deny prejudgment interest if there has been an undue delay in the prosecution of a lawsuit under both state and federal precedent).
On the last issue raised by Morales, whether she is entitled to costs, we are compelled to reverse. At the conclusion of the case, both Morales and Rosenberg moved for an award of costs incurred in the trial court pursuant to section 57.041 of the Florida Statutes (2004). Morales argued that the express language of section 57.041 that "[a] party recovering judgment shall recover his or her costs and charges which shall be included in the judgment..." commanded a cost award in her favor. See, e.g., Weitzer Oak Park Estate, Ltd. v. Petto, 573 So.2d 990 (Fla. 3d DCA 1991). Rosenberg, on the other hand, argued that hers was the well taken motion because she "prevailed on the significant issues" in the case. See Higgs v. Klock, 873 So.2d 591, 592 n. 1 (Fla. 3d DCA 2004)("We note that, in certain contexts, there may or may not [ ] be a distinction between the objectively determinable expression, "party recovering judgment," under 57.041, Florida Statutes (2002), and the much more legally slippery term, "prevailing party," which is employed in many attorneys fees and costs provisions.") (citations omitted); Spring Lake Improvement Dist. v. Tyrrell, 868 So.2d 656, 659 (Fla. 2d DCA 2004) citing Moritz v. Hoyt Enters., 604 So.2d 807, 810 (Fla.1992) and Prosperi v. Code, Inc., 626 So.2d 1360, 1363 (Fla.1993)(Noting that for purposes of awarding costs under section 57.014, "`The fact that the claimant obtains a net judgment is a significant factor but it need not always control the determination of who should be considered the prevailing party.'"). The trial court denied Morales' motion and granted Rosenberg's motion, concluding that Rosenberg had prevailed on the contested valuation issues at the trial.
Unfortunately, both the parties and the court failed to recognize that where, as here, a civil action is governed by a specific statute which contains a more particular provision concerning the taxation of costs, the more particular provision controls. 5 Fla. Prac., Civil Practice § 13.3 (2004-2005 ed.)("Section 57.041 applies to all civil actions except those that are governed by specific statutes containing more particular provisions concerning the taxation of costs."). In this case, the Florida Business Corporation Act, insofar as it treats corporate dissolutions, includes a more particular provision pursuant to which the trial court could have accomplished the result it sought in the instant case. The provision, section 607.1431(4) of the Florida Statutes, reads:
If the court determines that any party has commenced, continued, or participated in an action under s. 607.1430 and has acted arbitrarily, frivolously, vexatiously, or not in good faith, the court may, in its discretion, award attorney's fees and other reasonable expenses to the other parties to the action who have been affected adversely by such actions.
§ 607.1431(4), Fla. Stat. (2004)(emphasis added). See Cody v. Colonial Imaging Prods. & Serv., 717 So.2d 1120, 1121 (Fla. 5th DCA 1998)(awarding costs to a fellow shareholder upon the voluntary dismissal of a dissolution action). Similar equitable provisions are contained in sections 607.1434 and 607.1436. We remand this case for the trial court to enter those orders it deems appropriate in light of the law as outlined herein.
In sum, we affirm the trial court's judgment valuing Morales' interest in Gilly Vending at $77,073.52, and we affirm the trial court's decision to deny prejudgment *481 interest to Morales. We reverse and remand the trial court's decision on the award of costs with directions that it consider awarding such additional relief as may be warranted pursuant to the dissolution provisions of the Florida Business Corporation Act. Finally, we direct the trial court to reduce the amount of the offset against the final judgment entered below to the sum of $26,737.12, reflecting the proper amount of the fees awarded as a sanction against Morales for her misconduct during her prior appellate appearances before this court.
Affirmed in part, reversed in part, and remanded with directions.